UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 13-CR-20175
    HON. TERRENCE G. BERG

RICHARD ELMER HEADINGS,

    Defendant.

_____/

**OPINION AND ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS (DKT. 42) AND DISMISSING DEFENDANT'S MOTION TO VACATE HIS SENTENCE (DKT. 29)**

## I.  INTRODUCTION

Defendant Richard Elmer Headings asks this Court to vacate his sentence. The United States responds by moving to dismiss Defendant's motion. For the reasons below, the United States' motion is **GRANTED**, and Defendant's motion is **DISMISSED**.

## II.  FACTUAL AND PROCEDURAL HISTORY

On November 21, 2013, Defendant pleaded guilty to distribution of child pornography pursuant to a written Rule 11 Plea Agreement. Dkt. 17: Plea Agreement.  The agreement recited a factual basis for Defendant's guilty plea, calculated Defendant's sentencing guideline range to be 151 to 188 months, and included the following language that waived Defendant's rights to appeal and to contest the conviction or sentence under 28 U.S.C. § 2255:

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his/her conviction or sentence on any grounds. If the sentence imposed is within

> the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence but retains its right to appeal any sentence below that range.
>
> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255.

*Id.* at 6. The agreement also contained a provision affirming that Defendant had read, understood, and agreed to all the terms in the agreement:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

*Id.* at 8. Both Defendant's signature and his attorney's signature appear below the provision.

At the plea hearing, the Court placed Defendant under oath and asked him whether he understood the terms of the plea agreement and the constitutional rights he was giving up by entering into the agreement. That questioning included the following exchange:

> Q: . . . Now, do you understand, as I said previously, that a pre-sentence report will be prepared in this case and that I will consider that in deciding whether or not to accept the plea agreement and as long as I decide to impose any kind of a sentence that is within this plea agreement, then you will not be able to appeal because you're giving up your right to appeal.
>
> A. Yes.
>
> Q. Do you understand that?
>
> A. Yes, I understand it.

Dkt. 40; Tr. of Plea at 20-21. Defendant also testified that he had discussed the charges with his attorney, that he was satisfied by his attorney's representation of him, and that he had signed the agreement. *Id.* at 12-13; 9.

The Court sentenced Defendant to 108 months' imprisonment. Defendant did not file a direct appeal, but filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence. The United States then filed a motion to dismiss Defendant's motion.

### III. ANALYSIS
#### A. Standard of Review

A defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). "When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The only exception to this rule is when "a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52 (1989)" because, in such a situation, "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

**B. Discussion**

Defendant asserts four grounds for vacating his sentence. First, Defendant argues that he directed his attorney to file a notice of appeal and that his attorney did not do so. Second, Defendant argues that his constitutional rights were violated when his attorney negotiated and the Court accepted a plea with a general appellate and collateral waiver. Third, Defendant argues that his due process rights and other unspecified rights were violated when the government used "over-intrusive" software and that his attorney was ineffective for failing to challenge the use of that software. Fourth, Defendant argues that his counsel was ineffective for failing to verify information contained in the Presentence Report, not going forward with a lie-detector test, and other reasons.

The government responds by noting that Defendant waived his rights to both appeal and collateral attack, and contends that none of Defendant's arguments go to the validity of his waiver. The government is correct.

Defendant has not raised a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel. The only argument Defendant makes concerning his waiver is that such waivers of appeal and collateral attack, per se, amount to a violation of his constitutional rights. This argument is without merit; the Sixth Circuit has repeatedly upheld the validity of waivers of appeal and collateral attack. *See e.g.*, *Watson*, 165 F.3d 486; *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Further, in the Sixth Circuit "[i]t is well settled that a defendant in a criminal case

4

may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).

Even if Defendant had properly challenged the validity of his waiver, that argument would fail. For a waiver to be valid, the defendant must knowingly, intelligently, and voluntarily agree to give up his rights. *Davila*, 258 F.3d at 451. The waivers here were written in clear terms within the plea agreement, which was signed by the Defendant. Moreover, the terms of the agreement, including the appeal and collateral attack waiver provisions, were read out-loud on the record by the prosecutor during the plea hearing. Dkt. 40; Tr. of Plea at 6-9. Defendant also certified that he read and fully understood the plea agreement and its terms. And, when the Court questioned Defendant directly about his understanding of the waiver of his appellate rights, Defendant testified that he understood that he was waiving his rights. *Id.* at 8.

Defendant's waiver of his appeal and collateral attack rights was therefore knowingly and voluntarily given. Consequently, Defendant is not entitled to relief and the Government's motion to dismiss must be granted.

## IV. CONCLUSION

The United States' motion to dismiss Defendant's motion is **GRANTED**. Defendant's motion to vacate his sentence is **DISMISSED**.

**SO ORDERED.**

Dated: September 6, 2016         s/Terrence G. Berg
                                 TERRENCE G. BERG
                                 UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 6, 2016, using the CM/ECF system, which will send notification to all parties.

                                 s/K. Jackson
                                 Case Manager