# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **RICHARD ELMER HEADINGS**, <br><br> Defendant. | **4:13-CR-20175-TGB** <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT** |

On November 21, 2013, Defendant Richard Elmer Headings pled guilty to distribution of child pornography pursuant to a written Rule 11 Plea Agreement. ECF No. 17. Defendant filed a motion to vacate his sentence (ECF No. 29), which the Court denied on September 6, 2016. ECF No. 43. On April 19, 2018, Defendant filed a motion under Federal Rule of Civil Procedure 60(b)(6) requesting the Court to "reissue the original judgment of conviction so that a timely appeal can be taken by Defendant[.]" ECF No. 44, PageID.223. Defendant seeks relief under Rule 60(b)(6) on the ground that his counsel was ineffective because he allegedly refused to file a notice of appeal after Defendant pled guilty

under a Rule 11 Plea Agreement that contained a waiver of his right to appeal. *Id.* at PageID.224.

## I. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) is a "catchall provision" available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" and "only as a means to achieve substantial justice." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal quotation marks and citation omitted). Such exceptional or extraordinary circumstances "rarely occur" in the habeas context. *Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

A Rule 60(b)(6) motion must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and necessitates "a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)) (alteration omitted). When more

2

than a year has passed since the issuance of the order a defendant seeks relief from, neglect is an insufficient basis for granting relief under Rule 60(b)(6). *Klapprott v. United States*, 335 U.S. 601, 613 (1949) ("And of course, the one year limitation would control if no more than 'neglect' was disclosed by the petition. In that event the petitioner could not avail himself of the broad 'any other reason' clause of 60(b).").

## II.  Discussion

The Court denied Defendant's 28 U.S.C. § 2255 motion on September 6, 2016. ECF No. 43. Defendant elected not to appeal the denial of his § 2255 motion, and waited more than a year and half to file the instant motion under Rule 60(b)(6). Defendant missed the thirty-day time limit to file an appeal under Federal Rule of Appellate Procedure 4(a)(1)(A), and now seeks relief under Rule 60(b)(6). Defendant provides no explanation for the year and a half delay before filing his Rule 60(b)(6) motion.

With respect to the substance of Defendant's 60(b)(6) motion, Defendant's sole contention is that the Court erred in its September 6, 2016 Order by not permitting Defendant to file a belated direct appeal where he allegedly requested his attorney to file an appeal, but he did

3

not do so. There is some support for Defendant's position based on the ruling of the Sixth Circuit in *Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012). Under *Campbell*, the Sixth Circuit found that, where a defendant has requested his attorney to file an appeal, it would be ineffective assistance of counsel for the attorney to fail to file the appeal, even if the defendant waived his right to appeal in a written plea agreement. The court of appeals further held that an evidentiary hearing should be held by the district court to make a factual finding as to whether the defendant actually requested his attorney to file the appeal. *See Campbell*, 686 F.3d at 359. Where such a finding is made in the defendant's favor, he would be entitled to a late-filed direct appeal.

Neither Defendant nor Plaintiff cited *Campbell* in their § 2255 briefing. This Court did not discuss *Campbell* in its September 6, 2016 Order denying Defendant's petition for relief under § 2255, and did not conduct any evidentiary hearing to make a factual finding on the veracity of Defendant's claim that he requested his attorney to file an appeal. The Court's September 6, 2016 Order focused on the fact that Defendant knowingly and voluntarily waived his right to both a direct and collateral appeal in his plea agreement. ECF No. 43. In these circumstances,

4

"[o]nly challenges to the validity of the waiver itself will be entertained on appeal." *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012); *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009) ("[a] waiver of appeal rights may be challenged on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel").

In his original § 2255 motion, Defendant contended that his counsel was ineffective before the Court for: (i) failing to file a direct appeal; (ii) allowing Defendant to accept a plea with a direct and collateral appeal waiver; (iii) not objecting to "government use[] [of] over-intrusive software"; (iv) not verifying information in the PSR "regarding an 'affair' with a ten-year old"; (v) not "allow[ing] a lie detector test to clear [Defendant]"; (vi) not providing Defendant with adequate time to review the PSR and a sufficient explanation of the contents of the PSR; (vii) not seeking to suppress certain evidence; (viii) not advocating for a downward departure based on substantial assistance; (ix) not "rais[ing] defenses"; and (x) not advocating for a departure based on Defendant's health condition. ECF No. 29. Apart from Defendant's challenge to the validity of appeal waivers generally, which fails for the reasons discussed in the

Court's September 6, 2016 Order, none of Defendant's arguments go to the validity of his knowing and voluntary acceptance of his plea agreement. *See Toth*, 668 F.3d at 379 (upholding appeal waiver in plea agreement). Thus, any belated direct appeal by Defendant would have been futile. For this reason, the Court denied Defendant's initial § 2255 motion.

Defendant did not appeal this Court's denial of his original § 2255 motion. He did not challenge the Court's failure conduct an evidentiary hearing by taking an appeal, but rather waited approximately a year and half to file this motion under Rule 60(b)(6). Defendant has provided no explanation for his delay, and the Court therefore cannot conclude that Defendant's delay in bringing his Rule 60(b)(6) motion is reasonable or the product of anything more than neglect. *See Klapprott*, 335 U.S. at 613; *see, e.g.*, *Gonzalez*, 545 U.S. at 536–37 (finding that petitioner's eight-month delay in bringing Rule 60(b)(6) motion was not diligent and weighed against granting relief). Defendant's unexplained year and a half delay in bringing the instant motion weighs against Rule 60(b)(6) relief.

In ruling on a Rule 60(b)(6) motion, the Court must determine whether "exceptional or extraordinary circumstances" exist and whether relief under Rule 60(b)(6) is required to "achieve substantial justice." *See Olle*, 910 F.2d at 365. The question presented, therefore, is whether the Court's error in failing to grant Defendant a hearing on his claim that he requested his attorney to file an appeal, considering apparent futility of that appeal, qualifies as an "exceptional or extraordinary circumstance" justifying relief under Rule 60(b)(6). *See Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 313 (6th Cir. 2019) ("[Plaintiff] must also show something more than purported errors in the district court's legal reasoning in the opinion accompanying the underlying judgment . . . [in] his Rule 60(b)(6) motion.").

The Court finds that three circumstances exist that suggest the failure to conduct an evidentiary hearing is not the kind of extraordinary or exceptional circumstances that would justify relief. First, as mentioned above, Defendant had the opportunity to appeal this Court's original § 2255 ruling in order to correct the error of the lack of a hearing, but Defendant did not appeal. Second, Defendant was dilatory in seeking relief under Rule 60(b), waiting for more than a year and a half before

7

filing this motion. Finally, as explained in the Court's original § 2255 order, even if the Court had conducted a hearing and found that Defendant had requested his attorney to file an appeal, but the attorney had failed to do so, such an appeal was destined to fail because Defendant knowingly and voluntarily gave up his right to appeal and Defendant does not mount a substantive challenge to the validity of that waiver.

Given these circumstances, the Court does not find that the grounds set forth in the motion are so extraordinary or exceptional that Rule 60(b)(6) relief is necessary to achieve substantial justice.

For the reasons above, Defendant's Motion for Relief from Judgment (ECF No. 44) is DENIED.[1] Defendant may appeal this Order within 30 days of the date below.

DATED this 3rd day of December, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[1] Since Defendant's Rule 60(b)(6) motion ultimately seeks the opportunity for a direct appeal and does not assert a substantive basis for relief from his conviction, the Court does not construe Defendant's Rule 60(b)(6) motion as a successive § 2255 motion. *See In re Nailor*, 487 F.3d 1018 (6th Cir. 2007). Consequently, Defendant may seek appellate review of this Order without seeking authorization to file a successive § 2255 motion.