UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **RICHARD ELMER HEADINGS**, Defendant. | 4:13-cr-20175-TGB <br><br> **ORDER DENYING DEFENDANT'S SECOND MOTION FOR RELIEF FROM JUDGMENT** |

This matter is before the Court on Defendant Richard Elmer Headings' Second Motion for Reconsideration. ECF No. 46. For the reasons that follow, the Court will **DENY** the motion.

In 2013, Defendant pled guilty to distribution of child pornography pursuant to a written Rule 11 Plea Agreement. ECF No. 17. Defendant filed a motion to vacate his sentence, ECF No. 29, which the Court denied. ECF No 43. More than a year and half later, Defendant filed his first motion under Federal Rule of Civil Procedure 60(b)(6) asking the Court to "reissue the original judgment of conviction so that a timely appeal can be taken by Defendant[.]" ECF No 44, PageID.223. Defendant sought such relief on the basis that his counsel was ineffective because he allegedly refused to file a notice of appeal after Defendant pled guilty under a Rule 11 Plea Agreement that contained a waiver of his right to appeal. *Id*. at PageID.224. Although the Rule 60(b)(6) motion was

brought more than a year and half after the petition was denied, Defendant failed to explain his delay in making the motion.

This Court denied the motion because Defendant's arguments did not relate to the validity of his waiver, and therefore "any belated direct appeal by Defendant would have been futile." ECF No.45, PageID.233. Rather, the substance of Defendant's Rule 60(b)(6) motion contended that the Court erred "by not permitting him to file a belated direct appeal where he allegedly requested his attorney to file an appeal, but he did not do so." *Id*. at PageID.230-31. The Court found that although Defendant's position had some support under *Campbell v. United States*, "[n]either Defendant nor Plaintiff cited Campbell in their § 2255 briefing." *Id*. at PageID.231 (citing 686 F.3d 353 (6th Cir. 2012)). Furthermore, the Court previously stated that even if Defendant was entitled to a belated direct appeal under *Campbell*, which held that defendants are entitled to file a delayed appeal after an evidentiary hearing establishes that they requested their attorney to file an appeal but the attorney did not do so, "such an appeal was destined to fail because Defendant knowingly and voluntarily gave up his right to appeal." *Id*. at PageID.235.

In any event, the Court concluded that Rule 60(b)(6) relief would be inappropriate because Defendant did not establish "exceptional or extraordinary circumstances." *Id*. at PageID.229 (citing *Olle v. Henry &*

2

*Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Despite the opportunity to do so, Defendant failed to appeal this Court's original § 2255 ruling. Defendant was "dilatory in seeking relief under Rule 60(b)." *Id*. at PageID.234-35. As stated, "such an appeal was destined to fail because Defendant knowingly and voluntarily gave up his right to appeal." *Id*. at PageID.235.

Now, Defendant moves for reconsideration of that Order, issued on December 3, 2019. ECF No. 46. Defendant makes three arguments in support of his Second Motion for Reconsideration. ECF No. 46, PageID.236. First, Defendant explains that he did not explicitly rely on *Campbell v. United States* in his § 2255 briefing because the "court forms for a § 2255…specifically tells the defendant not to cite case law." *Id*. at PageID.236. Second, Defendant justifies his delay in filing motions because he is "not well versed in law and cannot afford an attorney." *Id*. at PageID.237. Furthermore, he has been slow to litigate because he is unable to procure assistance from "jailhouse lawyers" and other peers who are weary of associating with a person with the nature of his conviction. *Id*. Finally, Defendant argues that he is entitled to an evidentiary hearing because he "has shown a factual dispute that if found in his favor would have affected his substantial rights." *Id*. He argues that it is well-established that "an attorney who fails to file an appeal

when requested, regardless of the chances of success of that appeal, is per se ineffective." *Id*.

Federal Rule of Civil Procedure 60(b) provides that "a court may relieve a party or its legal representative from a final judgment, order, or proceeding for" several listed reasons. Such reasons include "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Or a court may grant such a motion for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a "catchall provision", where a court should grant relief "only in exceptional circumstances where principles of equity mandate relief…" *Kelmendi v. Detroit Board of Education*, 780 Fed. App'x 310, 312 (6th Cir. 2019) (citations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). The rule "contemplates situations where 'something more…is present' than those situations contemplated by the other clause in the rule." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).

Here, Defendant's Second Motion for Reconsideration must be denied. Although Defendant does not specify the clause in Rule 60(b) upon which he relies in moving for reconsideration, the Court finds that

Defendant's reasons are not meritorious under any of them.[1] Defendant's Motion has no merit under Rules 60(b)(1)-(3) because Rule 60(c)(1) requires that motions under (1), (2), and (3) "must be made within a reasonable time…no more than a year after the entry of the judgment or order of the date of the proceeding." Defendant now argues that his Second Motion for Reconsideration is timely. But Defendant cannot re-raise the same issues the Court found to be delayed and deficient. To do so would defeat the one-year deadline clearly outlined under Rule 60(c)(1). Therefore, to the extent that the Court would have grounds for granting Defendant's Second Motion for Reconsideration under clauses (1), (2), and (3), such grounds are time-barred under Rule 60(c)(1), even if such grounds are raised in a subsequent timely-filed motion for reconsideration.

As to Rule 60(b)(6), which is not bound by the bright line time limit under Rule 60(c)(1), the Court finds that Defendant's stated reasons are neither exceptional nor extraordinary. *See Kelmendi*, 780 Fed. App'x at 313. As to Defendant's first reason—that he did not cite *Campbell* because the court forms instructed him to not cite case law—is neither exceptional nor extraordinary because his failure to raise the principles in *Campbell* do not change the fact that he "had the opportunity to appeal

---

[1] Rules 60(b)(4) and (5) are not apt because Defendant's judgment has not been deemed void, nor has his judgment "been satisfied, released, or discharged." Fed. R. Civ. P. 60(b)(4)-(5).

5

this Court's original § 2255 ruling in order to correct the error of the lack of a hearing." *See* ECF No. 45, PageID.234-35. As to Defendant's second reason—that he is not well-versed in the law and was unable to procure assistance from his peers—this is also neither exceptional nor extraordinary. Petitioners for relief under 18 U.S.C. § 2255 are not guaranteed legal assistance, even informal assistance from jailhouse lawyers, and nor are prisoners seeking to file a Rule 60(b)(6) motion. Furthermore, for the Court to recognize lack of any legal assistance as circumstances that are exceptional or extraordinary would defeat the Rule's limiting principles. Finally, as to Defendant's third reason—that he has shown a factual dispute that would affect his substantial rights—such a reason is properly characterized under Rule 60(b)(1) as a mistake. As stated above, this basis is time-barred under Rule 60(c)(1).

## CONCLUSION

For all the reasons stated above, Defendant's Second Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 28, 2021     s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE